UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHAWN TURNER,

                    Plaintiff,

        - against -

THE CITY OF NEW YORK, ALAN AVELLA,
and "JOHN DOE" #1-3,

                    Defendants
------------------------------------------------------------x

11CV4984(NRB)

COMPLAINT AND
<u>DEMAND FOR JURY TRIAL</u>

ECF CASE

      Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Shawn Turner by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

      2. Shawn Turner is a citizen of the United States who was lawfully operating a motor vehicle on 170th Street, between Teller Avenue and Findlay Avenue, in the County of the Bronx, City and State of New York, on July 30, 2008, when his vehicle was stopped by New York City police officer Alan Avella and other New York City police officers, and he was arrested on false criminal charges of Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana, held in custody until July 31, 2008, and prosecuted on false criminal charges of Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana. The false charges against plaintiff Shawn Turner were dismissed on October 8, 2008.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Shawn Turner's constitutional and civil rights.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Alan Avella can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Shawn Turner is a citizen of the Untied States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Alan Avella is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Alan Avella was acting within the scope of his employment by defendant The City of New York.

11. Defendants "John Doe" #1-3 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

12. At all times relevant herein, defendants "John Doe" #1-3 were acting within the scope of their employment by defendant The City of New York.

## STATEMENT OF CLAIMS

13. Plaintiff incorporates by reference paragraphs 1 through 12 of this complaint as though the same were set forth fully herein.

14. On July 30, 2008, plaintiff Shawn Turner was lawfully operating a motor vehicle on 170th Street, between Teller Avenue and Findlay Avenue, in the County of the Bronx, City and State of New York.

15. At the above time and location, Arnold Convers was a passenger in the motor vehicle being operated by plaintiff Shawn Turner.

16. On July 30, 2008, on 170th Street between Teller Avenue and Findlay Avenue, in the County of Bronx, City and State of New York defendants Alan Avella and "John Doe" #1 stopped plaintiff Shawn Turner's vehicle.

17. One of the individual defendants subsequently directed the plaintiff to exit the vehicle, conducted him to the rear of the vehicle, handcuffed his wrists behind his back and sat him down on the curb behind the vehicle.

18. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Shawn Turner.

19. One of the individual defendants discovered a quantity of marihuana on the person of Arnold Convers.

20. Defendant Alan Avella and/or defendant "John Doe" #1 proceeded to search plaintiff Shawn Turner's vehicle.

21. Defendants Alan Avella and "John Doe" #1 did not have a search warrant or other legal process authorizing the search of plaintiff Shawn Turner's vehicle.

22. The individual defendants did not find any controlled substance, weapon or other contraband on the person of plaintiff Shawn Turner.

23. Defendant Alan Avella and defendants "John Doe" #1-3 arrested plaintiff Shawn Turner on false criminal charges of Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana.

24. Defendants "John Doe" #2 and "John Doe" #3 assisted in the arrest and detention of plaintiff Shawn Turner and the search of his vehicle.

25. Plaintiff Shawn Turner was not in possession of any marihuana.

26. In the course of searching plaintiff Shawn Turner's motor vehicle, defendant Alan Avella and/or defendant "John Doe" #1 found the sum of approximately $8,000.00 in the vehicle.

27. Defendant Alan Avella and/or defendant "John Doe" #1 seized the sum of approximately $8,000.00 found in plaintiff Shawn Turner's vehicle.

28. Defendants Alan Avella and defendant "John Doe" #1 transported plaintiff Shawn Turner to the 44th Precinct, where he was imprisoned for a period of time.

29. Plaintiff Shawn Turner was subsequently transferred to Bronx Central Booking, where he continued to be imprisoned until July 31, 2008.

30. On information and belief, on July 31, 2008, defendant Alan Avella falsely informed an Assistant District Attorney in the office of the Bronx District Attorney that plaintiff Shawn Turner had been in possession of more than twenty-five grams of marihuana.

31. On July 31, 2008, defendant Alan Avella instituted a criminal proceeding against plaintiff Shawn Turner in Bronx Supreme Court, Criminal Division, accusing the plaintiff of the crime of Criminal Possession of Marihuana in the Fifth Degree and the violation of Unlawful Possession of Marihuana.

32. On July 31, 2008, plaintiff Shawn Turner was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released on his own recognizance.

33. On October 8, 2008, the criminal charges brought by defendant Alan Avella against plaintiff Shawn Turner were dismissed.

34. The money seized from plaintiff Shawn Turner has never been returned to him.

## COUNT I

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though the same were set forth fully herein.

36. The, seizure, arrest, search, detention, and imprisonment of plaintiff Shawn Turner by defendants Alan Avella and "John Doe" #1-3 were made without any warrant or other legal process directing or authorizing his seizure, arrest, search, detention, or imprisonment.

37. Defendants Alan Avella and "John Doe" #1-3 lacked probable cause to believe that plaintiff Shawn Turner had committed or was committing a crime.

38. The charges upon which defendants Alan Avella and "John Doe" #1-3 arrested plaintiff Shawn Turner were false.

39. The charges were made by defendants Alan Avella and "John Doe" #1-3 against plaintiff Shawn Turner with knowledge that they were false.

40. Plaintiff Shawn Turner was aware of his seizure, arrest, search, detention and imprisonment by defendants Alan Avella and "John Doe" #1-3.

41. Plaintiff Shawn Turner did not consent to his seizure, arrest, search, detention or imprisonment.

42. As a result of the foregoing, plaintiff Shawn Turner was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

43. The seizure, arrest, search, detention and imprisonment of plaintiff Shawn Turner deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

44. Defendants Alan Avella and "John Doe" #1-3 were acting under color of state law when they seized, arrested searched, detained and imprisoned plaintiff Shawn Turner.

45. Defendants Alan Avella and "John Doe" #1-3 deprived plaintiff Shawn Turner of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, searching, detaining, and imprisoning plaintiff Shawn Turner on false criminal charges.

## COUNT II

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though the same were set forth fully herein.

47. The search of plaintiff Shawn Turner's vehicle was made without any warrant or other legal process directing or authorizing the search of his vehicle.

48. Defendants Alan Avella and "John Doe" #1-3 lacked probable cause to believe that plaintiff Shawn Turner's vehicle contained either weapons or contraband.

49. Plaintiff Shawn Turner did not consent to the search of his vehicle.

50. The search of plaintiff Shawn Turner's vehicle deprived him of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

51. Defendants Alan Avella and "John Doe" #1-3 were acting under color of state law when they searched plaintiff Shawn Turner's vehicle.

52. Defendants Alan Avella and "John Doe" #1-3 deprived plaintiff Shawn Turner of his rights to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching plaintiff Shawn Turner's vehicle.

### COUNT III

53. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as though the same were set forth fully herein.

54. The seizure of plaintiff Shawn Turner's funds by defendants Alan Avella and "John Doe" #1-3 was made without any warrant or other legal process authorizing the seizure of his funds.

55. Plaintiff Shawn Turner did not consent to the seizure of his funds.

56. Defendants Alan Avella and "John Doe" #1-3 were acting under color of state law when they seized plaintiff Shawn Turner's funds.

57. Defendants Alan Avella and "John Doe" #1-3 deprived plaintiff Shawn Turner of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Shawn Turner's funds.

## COUNT IV

58. Plaintiff incorporates by reference paragraphs 1 through 57 of this Complaint as though the same were set forth fully herein.

59. The seizure of plaintiff Shawn Turner's funds by defendants Alan Avella and "John Doe" #1-3 deprived him of his right not to be deprived of his property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

60. Defendants Alan Avella and "John Doe" #1-3 deprived plaintiff Shawn Turner of his right not to be deprived of his property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Shawn Turner's funds.

## COUNT V

61. Plaintiff incorporates by reference paragraphs 1 through 60 of this Complaint as though the same were set forth fully herein.

62. The criminal charges brought by defendant Alan Avella against plaintiff Shawn Turner in Bronx Supreme Court, Criminal Division, on July 31, 2008, were false.

63. The criminal proceeding instituted by defendant Alan Avella against plaintiff Shawn Turner in Bronx Supreme Court, Criminal Division, on July 31, 2008, was instituted by defendant Alan Avella with knowledge that the charges were false.

64. The criminal proceeding instituted by defendant Alan Avella against plaintiff Shawn Turner in Bronx Supreme Court, Criminal Division, on July 31, 2008, was instituted without probable cause to believe that the plaintiff had committed the offenses charged.

65. Defendant Alan Avella was acting with malice when he instituted a criminal proceeding against plaintiff Shawn Turner on July 31, 2008.

66. The criminal proceeding instituted by defendant Alan Avella against plaintiff Shawn Turner in Bronx Supreme Court, Criminal Division, was terminated in plaintiff Shawn Turner's favor.

67. Defendant Alan Avella was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Shawn Turner had been in possession of more than twenty-five grams of marihuana.

68. Defendant Alan Avella was acting under color of state law when he instituted a criminal proceeding against plaintiff Shawn Turner in Bronx Supreme Court, Criminal Division

69. Defendant Alan Avella deprived plaintiff Shawn Turner of his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by prosecuting plaintiff Shawn Turner on false criminal charges.

## COUNT VI

70. Plaintiff incorporates by reference paragraphs 1 through 69 of this Complaint as though the same were set forth fully herein.

71. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

73. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

74. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

   (c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

   (d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   (e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

75. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

76. The arrest, imprisonment and prosecution of plaintiff Shawn Turner on a false criminal charge, the search of his vehicle and the seizure of his property resulted from the failure of

defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

77. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

78. Defendant The City of New York deprived plaintiff Shawn Turner of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

79. The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT VII

80. Plaintiff incorporates by reference paragraphs 1 through 79 of this Complaint as though the same were set forth fully herein.

81. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendant Alan Avella and defendants "John Doe" #1-3 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

82. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

83. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

84. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

85. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Shawn Turner would be violated.

86. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Shawn Turner.

87. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

88. Defendant The City of New York deprived plaintiff Shawn Turner of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police

officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Shawn Turner respectfully requests that this Court grant the following relief:

A. Award plaintiff Shawn Turner compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Shawn Turner punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff Shawn Turner reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
July 14, 2011

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue - Suite 1300
New York, New York 10022
(212) 588-0880